[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CYBERIAN OUTPOST'S MOTION TO STRIKE AMENDED COMPLAINT (#110)
By Memorandum of Decision (#102.02) dated April 28, 2000, this Court granted the Defendant's Motion to Strike all four counts of the Plaintiff's Complaint. Thereafter, on May 17, 2000, the Plaintiff filed an undated Amended Complaint (#105). On July 14, 2000, the Defendant filed a Motion to Strike (#110) all four counts of the said undated CT Page 13179 Amended Complaint.
In its previous ruling striking the original Complaint in this matter, this Court held as follows:
 It is uncontroverted that on February 23, 1999, more than sixty (60) days prior to the expiration of the Contract Year, the defendant, Cyberian, sent the Plaintiff a written notice of non-renewal of the employment contract, specifically notifying him that Cyberian had "decided not to renew the Agreement at the end of the current Contract Year, which falls on Monday May 10, 1999." Said written notice further provided that the Plaintiff's "employment with the Company also will terminate on Monday May 10, 1999, immediately following the expiration of the term of the Agreement . . ."
 The court finds as a matter of law that the employment of the plaintiff did not terminate within the initial term of the contract as the plaintiff argues but that said employment terminated on "Monday, May 10, 1999, immediately following the expiration of the term of the Agreement", as stated in the notice of termination.
This finding, as the Defendant has noted in arguing that the instant Amended Complaint (#105) should be stricken, is "the law of the case."
In ruling on the original Motion to Strike, this Court held that, even construing the allegations as pled in the Complaint in the light most favorable to the Plaintiff, the Plaintiff has failed in each count to state a claim upon which relief can be granted.
In the undated Amended Complaint (#105) the Plaintiff has asserted four separate causes of action in four separate counts, sounding, as was the case in the initial Complaint, in Count One in breach of contract; in Count Two in promissory estoppel; in Count Three in negligent infliction of emotional distress; and in Count Four in fraud.
Count One of the Amended Complaint is identical to the Count One of the original Complaint that has already been stricken by this Court. Counts Two and Three of the Amended Complaint, are, as the Defendant has argued, only "subtly different" from the allegations of Count Two and Three of the original Complaint although a new allegation, that severance was to be paid if the Plaintiff's employment was terminated without cause CT Page 13180 regardless of when notice of the termination was delivered to the Plaintiff. Count Four of the Amended Complaint, sounding in fraud, is essentially based upon the same facts set forth in the original Complaint.
As was the case with the original Complaint in this matter, this court finds that the Plaintiff has failed in each count of the Amended Complaint to state a claim upon which relief can be granted. The plaintiff here, in each of the four counts, has simply alleged mere conclusions of law that are wholly unsupported by the facts alleged. There is no material change in the allegations of the original Complaint and the allegations of the Amended Complaint.
The Motion to Strike all four counts of the Amended Complaint is accordingly granted.
BY THE COURT
CARROLL, J.